Fletcher, J.
This action sounds wholly in tort, and to maintain it the plaintiff must show, that the defendants took and carried away the ore, as set forth in the declaration, from one or both of the ore beds described in one or both of the counts, wrongfully, without right on the part of the defendants, and in violation of the rights of the plaintiff.
The first count alleges, that the defendants, on the 15th day of April, 1843, entered upon certain premises situated- in West Stockbridge and Richmond, called the Cone ore bed, to the *507 exclusion of the plaintiff and the utter denial of his rights of digging and carrying away the iron ore from the premises, and unlawfully dug and earned away all the iron ore therein and disturbed and hindered the plaintiff in the enjoyment of his rights.
Whether the plaintiff can recover upon this count must be determined by the provision in the second indenture, that if Richmond and Nicholson, or either of them, should, at any time, refuse or not be able to dig or raise ore at a fair price, Gates and others should have liberty to employ others to dig or raise it for them. The defendants have the rights of Gates and others. If the contingency has happened, upon which Gates and others, by the above provision, would have had the right themselves to take the ore from this ore bed, then the defendants, in taking ore from the bed, have not entered wrongfully, without right, and in violation of the rights of the plaintiff, who has only the rights of Richmond and Nicholson, the other party to the indenture.
But the case expressly finds, that the plaintiff had never offered to dig ore in the Cone bed, or expressed to the defendants any desire to be employed in such work, and that his grantors had not dug any ore in the bed, nor sought to do so, since 1843, and that neither the plaintiff nor his grantors had ever remonstrated against or opposed the operations of the defendants in either ore bed. Thus it appears, that as far back as 1843, and ever since, Richmond and Nicholson and the plaintiff entirely ceased to dig the ore at any price whatever, but wholly abandoned the business.
In this state of things, the defendants themselves, by the express provision of the indenture, had the right to dig and carry away the ore; and in doing so they did not act wrongfully, without right, or in violation of the rights of the plaintiff. Neither the plaintiff nor his grantors ever remonstrated against or opposed the operations of the defendants in either ore bed. The first count in the declaration, therefore, charging the defendants as wrong-doers in taking ore from the Cone ore bed, is not supported.
In the second count, the rlaintiff charges the defendants *508 substantially with the same injuries and wrongs, as are set out in the first count, with respect to his rights in certain other premises situated in West Stoekbridge, called the Lane ore bed.
In regard to this ore bed, it appears, that by an indenture bearing date the twenty-fifth day of April in the year 1832, between Daniel R. Walling and others of the one part, and John M. Holley and others of the other part, Walling and others leased to Holley and others the land containing the ore, by metes and bounds, for nine hundred and ninety-nine years, for the purpose of digging and carrying away ore, for which Holley and others were to pay certain stipulated prices. The plaintiffs have the rights of Walling and others, under this indenture. The defendants have the rights of Holley and others, and have therefore in express terms the right to take and carry away the ore, and so cannot be held chargeable as wrongdoers under the second count in the declaration. As has been before stated, neither the plaintiff nor his grantors, have ever remonstrated against or opposed the operation of the defendants in either of the ore beds.
There is a provision in this indenture, that if Holley and others shall neglect to improve the premises for more than one year, at any one time, then the other party shall have the right to dig ore themselves, but no question arises under this provision of the indenture in the present case.
It is admitted, in this case, that the defendants have not. paid to the plaintiff or his grantors any duty or tax upon the ore which they have taken from either ore bed, since April 15th, 1843. It is also admitted, that neither the plaintiff nor his grantors have ever made any claim or demand upon the defendants, for any such payments from the 15th of April, 1843, to the time of bringing this suit.
What rightful claims the plaintiff may have against the defendants for ore taken from either or both of these ore beds, or in what form such claims may properly be asserted and enforced, it is not necessary now to decide or consider.
The decision in the present case is, that this action sounding in tort cannot be maintained, and that the plaintiff must be nonsuit.